## WIFE NOT DISQUALIFIED BY DESERTION FROM RECEIVING WORKMEN'S COMPENSATION.

Common Pleas Court of Hamilton County.

LENA WARE v. THE INDUSTRIAL COMMISSION OF OHIO ET AL.

Decided, December 1, 1916.

*Workmen's Compensation—Wife Does Not Cease to be a "Dependent" —By Reason of Having Been Deserted by Her Husband.*

A wife does not cease to be "dependent" upon her husband, within the meaning of the workmen's compensation law, by reason of his failure to support her, and an award will be made in the case of a wife whose husband was killed in the course of his employment after deserting her, without her fault, and taking up with another woman.

*Fulford, Shook, Wilby & Fricke,* for plaintiff.
*Henry G. Hauck,* Assistant Prosecuting Attorney, contra.

WARNER, J.

This is an appeal from a decision of the Industrial Commission rejecting the claim of the plaintiff, Lena Ware, upon the ground that at the time of his death she "was not dependent upon the deceased," who was her husband.

The material facts established by the evidence are as follows:

Sam Ware was accidently killed in Covington, Kentucky, on the 30th day of July, 1915, while in the employ of Platt & Dickinson, of Cincinnati, Ohio, who were subscribers to the state insurance fund. He was a hod-carrier, and a brick fell upon his head and caused his death. He was married to the plaintiff on the 29th day of March, 1899, in Alabama. No children were born of said marriage. About five years before his death he deserted his wife, without her fault, but later returned and lived with her for about one year, and again deserted her about three years before his death, and later married another woman, who had a husband living, and was living with this woman and supporting her at the time of his death. He contributed money and groceries to plaintiff at various times, the last amount being

given her in February, 1915, just before she went to Toledo to see her sick son, who died the following July. Plaintiff was in Toledo when her husband was killed, but at once came to Cincinnati upon being advised of his death. He was seen to give his wife money, after his desertion of her, by various witnesses, but the amount of such payments does not appear. He is reported to have said a few days before his death that he was going to send her some money. During the time of his last desertion he called to see her with some frequency, and at times remained all night. These parties are colored people, and the wife is without any resource except her own work.

Upon these facts the question arises whether or not she was wholly, or in part, dependent upon him for support. I think the provisions of the workmen's compensation act should be construed liberally toward claimants to the end that they shall receive just, reasonable and fair compensation for injuries and losses sustained by reason of the results of accidents that are always in the nature of greater or less afflictions as well as injury and loss.

Whether or not a wife is dependent upon her husband, who has deserted her without just cause, should be determined upon consideration of his legal liability for her support, and his recognition of the same, as well as the other facts and circumstances attending the situation and conduct of the parties. A wife should not be punished for the delinquencies of a recreant husband. This law provides that a wife should be considered wholly dependent upon the husband with whom she is living at the time of his death. Whether the dependency is *in whole,* or *in part,* where they are separated, must be determined by the facts existing at the time of the death. A more righteous law would be one, as in some states, that makes the wife conclusively presumed to be wholly dependent upon a husband, unless possessed of ample means in her own right.

Webster defines a dependent as "one who relies upon another for support." The fact that such reliance is misplaced, or that such other fails in his duty in the premises, would not and should not make a dependent non-dependent. The dependency

exists whether it is recognized or not by him who owes the duty of support. To say that a wife is not dependent upon her husband because he fails to support her, and she is obliged to appeal to the charity of friends, or to her own efforts, is to permit his unscrupulous conduct to determine the fact, rather than the justice and right of the case.

I think, upon the facts in this case, that the plaintiff was dependent, in part at least, upon the deceased for support, and that he recognized that fact and contributed, not as he ought to have done, but in a degree that was helpful. As to the wages of the deceased, the law provides as follows:

"Section 37. The average weekly wage of the injured person, at the time of the injury, shall be taken as the basis upon which to compute the benefits."

No provision exists by which the "average weekly wage" may be determined, but some force should be given to the word "average." It is difficult and sometimes impossible, in the case of common laborers, like the deceased, to ascertain for any considerable length of time the wage paid. It becomes necessary, therefore, to take such data as is found, and, making such assumption as the facts seem to warrant, establish the average wage for such length of time as seems reasonable under the conditions of the case.

A careful estimate and consideration of the available data of the time the deceased worked during the eleven months preceding his death, and he seems to have worked with a good degree of regularity, brings me to the conclusion that his average weekly wage at the time of his death was $12.80, which entitles the plaintiff to a judgment for $2,662.40.

I think $600 is a reasonable counsel fee to plaintiff's attorneys, and that amount may be taxed in the costs. Judgment accordingly.